[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-10250
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 07-00480-CR-2-SLB-HGD

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JACQUES TERRELL HAYES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(October 7, 2009)

Before TJOFLAT, WILSON and KRAVITCH, Circuit Judges.

PER CURIAM:

A two-count indictment charged Jacques Terrell Hayes with being a felon in

possession of a firearm, in violation of 18 U.S.C. § 922(g)(1),[1] on August 16, 2007 (Count 1), and November 17, 2007 (Count 2). Following his arraignment, Hayes moved the district court to sever the counts for trial. The court referred the motion to a magistrate judge, and the magistate judge entered an order denying it. Hayes did not appeal the order to the district court, so the case went to trial on both counts. At trial, after the prosecutor called Birmingham Police Officer Timothy Thorin to the stand, Hayes requested a sidebar and to object to testimony he anticipated Thorin would give regarding statements Hayes made to Thorin after he detained Hayes so that he could search the car in which Hayes had been riding for drugs and a handgun. Hayes claimed that the statements were inadmissible because he made them prior to being informed of his <u>Miranda</u> rights.[2] The court sustained his objection to the first statement but not the second statement, since Hayes had made that statement, "Man, they told me I should have got a pistol permit," spontaneously – after Officer Thorin told him that he was being charged with a firearms violation – and voluntarily.

The jury convicted Hayes on both counts, and the court sentenced him to concurrent prison terms of 115 months. Hayes now appeals his convictions on two

---

[1] Hayes had been convicted in Alabama of two felonies: manslaughter, in January 1999, and attempted murder, in February 2005.

[2] <u>Miranda v. Arizona</u>, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

grounds.  We take them up in order.

## I.

Hayes argues that the district court erred in trying Counts 1 and 2 together; the joint trial of the counts caused him to suffer undue prejudice, as the evidence associated with Count 1 would not have been admissible under Federal Rule of Evidence 404(b) at a separate trial of Count 2, and vice versa.  We reject his argument for two reasons.  First, his failure to appeal the magistrate judge's order denying his motion to sever the counts operated as a "waiver of [his] right to review."  See Fed. R. Crim. P. 59(a).  Second, putting aside the Rule 59(a) bar, Hayes has not shown that the district court committed plain error in not intervening sua sponte to sever the counts.  Hayes's failure to appeal [to the district court] the magistrate judge's severance order tacitly informed the district court that Hayes was consenting to the trial of the counts together, so we could hardly fault the court for not intervening and severing the counts.

## II.

The district court sustained Hayes's objection to the first statement Hayes made to Officer Thorin on the ground that Hayes was in custody at the time he made the statement – and the second one as well – and had not been informed of his Miranda rights.  The absence of a Miranda warning did not bar the

3

admissibility of Hayes's second statement, however, if the statement was "voluntary," Rhode Island v. Innis, 446 U.S. 291, 299, 100 S.Ct. 1682, 1689, 64 L.Ed.2d 297 (1980), and Thorin's telling Hayes that he would be charged with a firearms violation was not likely to elicit an incriminating response. Id. at 301, 100 S.Ct. at 1689-90. The record supports the district court's finding that Hayes made the second statement voluntarily. It also supports the conclusion that Thorin's statement informing Hayes of the charge was not of the type that was reasonably calculated to elicit an incriminating response.

Hayes argues that his response was tainted by Thorin's conduct in eliciting the first statement. He did not present this argument to the district court; hence, to accept the argument, we must find that the court committed plain error in admitting the response into evidence. We find no error, much less plain error.

For the foregoing reasons, Hayes's convictions are

AFFIRMED.